Filed 3/17/23 P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097023 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F04374) |
| v. | |
| ARTHUR EUGENE JOHNSON, | |
| Defendant and Appellant. | |

After Clifton W. broke up a fight between rival gang members, defendant Arthur Eugene Johnson,[1] a gang member, handed an assault rifle to an accomplice to shoot Clifton. Defendant called out Clifton's name repeatedly and displayed a revolver as Clifton tried to escape. Defendant's accomplice shot Clifton three times.

---

[1] While the notice of appeal filed in this case lists defendant's name as "Arthur Johnson," the original abstract of judgment uses "Arthur Eugene Johnson." We use the latter name in this opinion.

1

A jury found defendant guilty of attempted murder and possession of a firearm by a felon. The jury found true allegations that defendant personally used a firearm and committed the offenses for the benefit of a criminal street gang, as well as that the principal to the attempted murder personally and intentionally discharged a firearm causing great bodily injury for the benefit of a criminal street gang. The jury found not true allegations that defendant personally and intentionally discharged a firearm and personally and intentionally discharged a firearm causing great bodily injury. After defendant admitted two prior strikes, on June 10, 2005, the trial court sentenced defendant to 59 years to life. We affirmed the judgment in *People v. Johnson* (Aug. 21, 2006, C050061) [nonpub. opn.].

In June 2022, defendant filed a petition to vacate the gang and gang-related firearm enhancements under Assembly Bill No. 2542 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 317, § 3.5), which enacted Penal Code[2] section 745 (California Racial Justice Act of 2020), as well as under Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699, §§ 3, 4), which increased the proof requirements for criminal street gang enhancements imposed under section 186.22. Defendant contended the district attorney exhibited racial bias in charging defendant under the gang enhancement statutes, arguing that statistical data showed these statutes were ineffective in preventing crime and resulted in racial disparity in prisoners serving gang enhancement sentences. Defendant also argued that the evidence was insufficient to impose gang enhancements under the amendments made by Assembly Bill No. 333.

In August 2022, the trial court denied the petition, ruling that (1) section 745 was inapplicable based on former subdivision (j) of the statute, which provided, " 'This section applies only prospectively in cases in which judgment has not been entered prior

---

**2**     Undesignated statutory references are to the Penal Code.

to January 1, 2021' " (see Stats. 2022, ch. 739, § 2); and (2) Assembly Bill No. 333 did not apply retroactively to final cases.

In Assembly Bill No. 256 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 739, § 2), effective January 1, 2023, the Legislature amended section 745 to apply to cases where judgment was entered prior to January 1, 2021. As amended, commencing January 1, 2023, section 745 applies to all cases where at the time of prosecuting a writ of habeas corpus (§ 1473) raising a claim under section 745 the petitioner is sentenced to death, or in cases in which a postcustody motion to vacate is filed (§ 1473.7) "because of actual or potential immigration consequences related to the conviction or sentence, regardless of when the judgment or disposition became final." (§ 745, subd. (j)(2), added by Stats. 2022, ch. 739, § 2.)[3]

Defendant filed a timely appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief. We granted defendant's request for an extension of time to file a supplemental brief and defendant timely filed a brief.

In *People v. Delgadillo* (2022) 14 Cal.5th 216, the California Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a petition for resentencing under section 1172.6, because the denial does not implicate a defendant's constitutional right to counsel in a first appeal

---

**3**     As amended, section 745, subdivision (j) provides a further expansion of the application of the statute each year on January 1 for the next three years. (§ 745, subd. (j)(3)-(5), as added by Stats. 2022, ch. 739, § 2.)

3

as of right. (*Delgadillo*, at pp. 222, 224-225.) Nonetheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review, given that the trial court's "suboptimal" notice to defendant referenced *Wende* but did not state that the appeal would be dismissed as abandoned if the defendant did not file a supplemental brief. (*Id.* at pp. 222, 233.)

*Delgadillo* addressed *Wende* review only in the context of a postconviction order under section 1172.6. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5.) A different form of postconviction order is at issue here, but the same principles may apply given that this is not defendant's first appeal as of right. Therefore, like the Supreme Court, we exercise our discretion to conduct an independent review of the record.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The court's order denying defendant's petition is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
MAURO, J.

/s/_____
McADAM, J.*

---

\*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.